UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JERRY M.L.K. McNEILL, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:18-cv-648 (SRU) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| Defendant. | : | |

# INITIAL REVIEW ORDER

On April 13, 2018, Jerry Martin Luther King McNeill ("McNeill"), an inmate currently confined at Hartford Correctional Center in Hartford, Connecticut, brought a *pro se* complaint against the State of Connecticut ("the state") for copyright infringement, civil trespass, fraud, and various other torts based on the unauthorized confiscation and/or conversion of a book he wrote, entitled "Enventor Jerry and the Screwdriver." Compl., Doc. No. 1. McNeill seeks damages and injunctive relief in the form of an order for the state to return all copies of his books for destruction. *Id.* at 5. On May 15, 2018, Magistrate Judge William I. Garfinkel granted McNeill's motion to proceed *in forma pauperis*. *See* Order, Doc. No. 10. For the following reasons, McNeill's complaint is dismissed without prejudice.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

McNeill's complaint cannot proceed for two reasons. First, he cannot sue the state of Connecticut for damages because such claims are barred by the Eleventh Amendment and 28 U.S.C. § 1915A(b)(2). *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Second, McNeill's complaint states only legal conclusions and is devoid of factual allegations that state a plausible cause of action against the state. Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint to contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of Rule 8 is 'to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Brown v. Semple*, 2017 WL 4246776, at *4 (D. Conn. Sept. 25, 2017) (quoting *Ricciutti v. N.Y.C. Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

McNeill contends that the state unlawfully converted his property and infringed on his copyright, but he does not explain the factual circumstances that gave rise to those alleged violations. Therefore, his complaint as written cannot proceed. *See id.* (court may dismiss complaint for failure to comply with Rule 8 if it is confusing, ambiguous, or otherwise

unintelligible).  Based on the aforementioned reasons, McNeill's complaint is dismissed without prejudice to filing an amended complaint within 30 days.

## ORDERS

The complaint is hereby dismissed without prejudice.  If McNeill believes he can state a plausible claim against the state or state officials that complies with Rule 8 and does not seek money damages from the state or any state official in his/her official capacity, he may file an amended complaint within thirty (30) days of the date of this order.  Failure to file an amended complaint that complies with this order within thirty days from the date of this order will result in the dismissal of the action with prejudice.

It is so ordered.

Dated at Bridgeport, Connecticut this 7th day of April 2018.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge